## HENTIG *v.* PAGE.

The Circuit Court in a foreclosure suit appointed a receiver of the rents and profits of the mortgaged land, and ordered that all persons who had come into the possession thereof *pendente lite* should surrender it to him on his demand. On their refusal to do so, a writ was issued commanding the marshal to eject them. They thereupon addressed a petition to one of the judges, praying that the writ be revoked by the court. *Held,* that an appeal does not lie from his order at chambers, denying the petition.

APPEAL from the Circuit Court of the United States for the District of Kansas.

The facts are stated in the opinion of the court.

*Mr. C. A. Sperry* for the appellant.

*Mr. G. C. Clemens, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

On the twenty-sixth day of October, 1877, Mary A. Smith, administratrix *de bonis non* of Julia C. Wright, filed her bill in the Circuit Court for the District of Kansas, against Daniel M. Adams and others, to foreclose a mortgage made by Adams and wife on certain lands in Shawnee County, Kansas. On the 3d of September, 1878, the lands covered by the mortgage were sold by the treasurer of the county to the appellant for $64.92, being the full amount of tax, penalty, and charges due on them for the year 1877. At the time of the sale there was delivered to the purchaser a certificate, which set forth the sale, and stated that she would be entitled to a deed for the lands on the 4th of September, 1881, unless they should be redeemed prior to that time, in accordance with the provisions of law. On the 8th of February, 1879, Hentig, the purchaser, leased the premises to C. E. and W. K. Gillan for one year from the 1st of March, 1879, at a rent of $200, and put them in possession. The certificate of tax sale was recorded Nov. 18, 1878, and the taxes of 1879, amounting to $67.80, were paid by Hentig, March 10, 1879.

On the 4th of June, 1879, the court having become satisfied that the property was an inadequate security for the mortgage

debt, and that Adams, the debtor, was insolvent, appointed H. J. Page receiver of the rents and profits of the property, and ordered that " all persons in possession of such premises, whether parties to this cause, tenants under any of them, or persons who have come into possession pending these proceedings," yield up possession to the receiver on demand. On the 10th of July the receiver reported to the court that he found the Gillans in possession, who refused to surrender, claiming that they held under a lease from Hentig, and had paid $150 of their rent; and that the remainder, being only $50, was not due. The court thereupon issued to the marshal a writ of assistance, directing him to eject from the premises the persons described in the original order appointing the receiver, and to put the latter in possession. On the 12th of July, an order in the suit was entered in the order-book, directing the complainant and receiver to show cause before the district judge, at his chambers, on the 18th, why the writ of assistance should not be revoked, and directing that in the mean time nothing be done under the writ. At the time named the appellant was permitted to file in the suit what was denominated a substituted petition. This petition was addressed to the " Hon. C. G. Foster, one of the judges of the court," and set forth the claim of the appellant under the tax title with the lease to the Gillans, and concluded as follows : " Wherefore your petitioners pray that the said marshal may be enjoined from further proceeding in the execution of such writ, and that upon the hearing said writ may be revoked by an order of this court, and that your petitioner may have such other and further relief as to equity may seem meet. And as in duty bound will ever pray, " &c. This petition was thereupon heard, and an order entered in the order-book as follows : —

" MARY A. SMITH, Adm'r'x, &c., Compl't,
        *vs.*            } 2055.
DANIEL M. ADAMS *et al.*, Def'ts.

                   " AT CHAMBERS, July 18, 1879.

" Now comes the complainant and receiver, H. J. Page, by G. C. Clemens, their solicitors, and A. J. Hentig, by Hentig & Sperry, her solicitors, and thereupon came on to be heard the matter of the petition of A. J. Hentig to enjoin the marshal from further

proceeding in the execution of the writ of assistance issued herein to put said receiver into possession of the property described in the bill of complaint and decree herein, and to revoke said writ, and was argued by counsel; on consideration whereof it is now here ordered that said petition be and is overruled and denied.

"From this order and ruling said A. J. Hentig prays an appeal to the Supreme Court of the United States, which is allowed, and the bond in appeal fixed at $300, to act as a *supersedeas*."

On the 22d of July the required bond was given and the appeal perfected. The case has been submitted under the twentieth rule, but the submission was accompanied by a motion of the appellee to dismiss for want of jurisdiction.

We think the motion to dismiss must be granted. The order appealed from is not a final decree in a " case of equity." The petition on which the order was made was in reality nothing more than a motion in the original suit by the appellant, with leave of the court, for a recall of the writ of assistance. It certainly is not a bill in equity, for it names no parties defendant and prays no process. It is addressed to one of the judges of the court, and not to the judges or to the court; and the appellees were brought in on a rule to show cause in the pending suit, and not by an original writ. Although the judge in rendering his decision gave as a reason for refusing to grant the petition that the tax certificate alone, before the expiration of the time of redemption, vested no title in the purchaser, the order as made settled no such question. The effect of what was done was simply to leave the writ of assistance in force. The rights of the parties were not changed in any particular. The appellant was still no party to the suit, and she could resist the writ as well after the order as before. She did not by her petition submit herself to the jurisdiction of the court in the cause. Her application was in the nature of a suggestion to the court that the writ had been improvidently issued, and, therefore, should be withdrawn. She has still all the legal and equitable remedies to enforce her original rights that she ever had. If the writ would not justify the marshal in putting her tenants out of possession when it was issued, it will not now. If she

could by a suit in equity enjoin the execution of the writ against her tenants before her motion was made, she could afterwards.

. It follows that the appeal must be dismissed; and it is

*So ordered.*