## SLATER *v.* WILLIGE.

PRACTICE; JUSTICES OF THE PEACE ; CERTIORARI.

1. The method of proceeding in prosecuting appeals from justices of the peace to the Supreme Court of the District of Columbia is wholly statutory, and the mode prescribed must be strictly pursued in regard to everything necessary to clothe that court with jurisdiction of both the cause and the parties thereto.

2. An order of the Supreme Court of the District of Columbia directing the appellee in an appeal to that court from a judgment of a justice of the peace, to enter his appearance within ten days or the cause would be heard as in case of default, is extra-judicial and void, and a writ of *certiorari* is properly issued to have the record of such order certified to this court in order that the order may be quashed.

3. To acquire jurisdiction over the person of the appellee under such circumstances, a summons must be issued and returned as provided for by sections 774, 775 and 777 R. S. D. C., and where such a summons has been returned not served because of the failure of the appellant to pay the marshal's fee, and a motion by the appellee, who has appeared specially for that purpose, to dismiss the appeal has been overruled, it is within the power of that court to give the appellant further time for having a new summons issued and served upon the appellee and returned, and to issue such new summons.

No. 968. Submitted March 15, 1900. Decided April 3, 1900.

HEARING on a return to a writ of *certiorari* issued by this court to the Supreme Court of the District of Columbia. *Order of that court complained of quashed and cause remanded.*

The facts are sufficiently stated in the opinion.

*Mr. Charles A. Keigwin* and *Mr. Conrad H. Syme* for the petitioner.

*Mr. Creed M. Fulton* and *Mr. A. E. L. Leckie* for the respondent.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

The question presented in this case arises upon the return to a writ of *certiorari*, issued from this court to the Supreme Court of the District of Columbia, requiring certain proceedings had in that court, upon an appeal pending therein taken from a judgment of a justice of the peace, to be certified to this court for examination, upon the allegation of the want of jurisdiction for a certain proceeding. taken in said Supreme Court.

It appears by the return to the writ that the judgment of the justice of the peace, from which the appeal was taken, was obtained by John G. Slater, the petitioner for the writ of *certiorari*, against J. Louis Willige, on the 5th day of May, 1899. That an appeal was entered by the defendant in the judgment, and the appeal was duly perfected, and the papers and proceedings were regularly filed in the clerk's office of the Supreme Court, according to law. Upon the filing of the appeal, a summons was issued for the appellee in the appeal, as directed by the statute, but which summons was returned by the marshal "Not served because marshal's fee not paid—11th day of January, 1900."

It is clear, the court below acquired complete jurisdiction of the cause, but it had not acquired jurisdiction of the person of the appellee in the appeal. The provisions of the statute by which such jurisdiction can be acquired are specific, and no other method can be effectually adopted. The whole procedure is one prescribed by statute, and unless the terms of the statute be adhered to no rightful jurisdiction of the person of the appellee can be obtained. It therefore becomes necessary to examine the provisions of the statute, prescribing the method by which the person of the appellee can be lawfully subjected to the jurisdiction of the appellate court, in order to determine whether jurisdiction was acquired of the appellee in this case, so as to bind or conclude him by the judgment that might be rendered on the hearing of the appeal.

By section 1027, Rev. Stats. D. C., it is provided, that

appeals from judgments of justices of the peace shall be heard and determined as provided in sections 774 to 779 of the Rev. Stats. D. C.

By section 774, provision is made for docketing the appeal in the Supreme Court, by the clerk thereof, with direction that he "shall issue a summons for the appellee to appear at the next trial term of the court." And by section 777, it is provided, that "in any case of appeal from the decision of a justice of the peace, where two summonses against the appellee shall be returned *non est,* or one attachment returned *non est,* and the appellee shall not appear, the court may proceed to hear and determine the case in the same manner as if the appellee had regularly appeared."

These are the provisions of the statute in relation to appeals from justices of the peace, and for summoning and bringing in the appellee. But there are certain other provisions relating to such appeals, prescribed by rule of court. By common law rule of the Supreme Court of the District, No. 96, it is provided, that "As soon as the appellant shall have made the deposit for costs required by law, or obtained leave from one of the justices, or from the court, to prosecute his appeal without deposit, the clerk shall docket the cause and issue a summons for the appellee to appear at the next trial term of the court, occurring ten days after the rendition of the judgment of the justice of the peace." And, by section 2 of that rule, it is provided, that "if the appellant shall neglect to pay the marshal's fee for serving such summons, then the marshal shall return the summons 'not served because fee not paid,' and, thereupon, on motion, the court may dismiss said appeal."

Whether all the provisions and limitations of this rule of court are strictly within the meaning and purview of the sections of the statute to which we have referred, to which the rule must be subordinate, is a question that we need not now decide. It is not necessarily presented in this case.

It appears that, upon the return of the summons that was

issued for the appellee, with the marshal's return thereon, the appellee Slater appeared specially, in his own proper person, for the purpose of objecting to the jurisdiction of the court, and not for any other purpose, and moved to dismiss the appeal, on the ground that the summons had not been served upon him, but had been returned "not served, because fee was not paid." But the court overruled the motion, and refused to dismiss the appeal. This ruling was clearly within the discretion of the court. Upon that ruling the summons should have been renewed for the appellee, and further time given for having the summons served and returned, as by reasonable implication is clearly authorized to be done, by section 775 of Rev. Stats. D. C. But instead of pursuing that course to bring in the appellee, the court, assuming that it had not acquired jurisdiction of the person of the appellee to entitle it to proceed to a hearing and disposition of the case, passed the following order:

"The appeal in this cause having been properly docketed and the summons for the appellee properly issued, but not served on the appellee because of the non-payment of the marshal's fee therefor; and it appearing to the satisfaction of the court that the failure to pay the same was due to inadvertence, it is, this 25th day of January, 1900, ordered that the said appellee do cause his appearance to be entered in this cause within ten days after the service of a copy of this order upon him, exclusive of Sundays and legal holidays, *or the case will be proceeded with as in case of default.*

"CHAS. C. COLE, *Asso. Justice.*"

It is to this order that objection is taken, and upon which question is made as to the jurisdiction or power of the court to pass it, and, upon failure of the appellee to appear, to proceed with the case as upon default of appearance. And the first question is, had the court power or jurisdiction to make such order, or could it enforce such order by any process as for contempt?

We think it very clear that the order is not such process as is contemplated by the statute. It is neither a summons, to be served and returned as such, nor is it an attachment. It requires no special official service and return, such as "served," or "*non est,*" in order to justify the court in proceeding to hear and determine the case, and upon which the judgment of the court in determining the appeal must rest for its validity, as if the appellee had been duly served and appeared, under the statute. As we have already said, the method of proceeding in prosecuting appeals from judgments of justices of the peace is wholly statutory, and the mode prescribed must be strictly pursued, in regard to everything necessary to clothe the appellate court with jurisdiction of both the cause and of the parties thereto. No mere substituted process or substituted service of process will answer the purpose. The principle is elementary, and too well settled to require discussion or the citation of authorities for its support. In the case of *Amy* v. *Watertown,* 130 U. S. 302, 317, the Supreme Court, quoting and adopting a decision of the Supreme Court of Wisconsin, say: "The principle is too elementary to need discussion, that a court can only acquire jurisdiction of a party when there is no appearance, by the service of·process in the manner prescribed by law. . . . When the statute prescribes a particular mode of service, that must be followed. *Ita lex scripta est.* There is no chance to speculate whether some other mode will not answer as well. This has been too often held by this court to require further citation. . . . When the statute designates a particular officer to whom the process may be delivered, and with whom it may be left, as service upon the corporation, no other officer or person can be substituted in his place."

That an order of court, not designated by statute, having for its object the obtaining of jurisdiction over the person of a party to an appeal or other proceeding, where such party has not been served with process, would seem to

be wholly without warrant of law. Such order can not be substituted for process expressly provided for by statute, or by rule of court. *Forsyth* v. *Pierson,* 9 Fed. Rep. 801; *Chamberlain* v. *Mensing,* 47 Fed. Rep. 202; *Karr* v. *Karr,* 19 N. J. Eq. 427.

The jurisdiction exercised by the Supreme Court of this District, on appeals from judgments of justices of the peace, is peculiar; it is a combination of both an appellate and original jurisdiction. The trial in the appellate court is had *de novo,* and may be had before a jury, without regard to the manner of the original trial before the justice; and the appeal may be tried upon new and different evidence from that produced before the magistrate. The nature of the jurisdiction, and the manner of its exercise, strongly enforce the reason for having the parties before the court, instead of hearing and deciding the case *ex parte* as upon default of appearance. It is only after the process, designated by the statute and the rule of court, has been sued out against the appellee and returned as directed by the statute, that he can be made to abide the consequences of default.

We think it clear, therefore, that the order of the court below, requiring the appellee to appear and submit himself to the jurisdiction of the court, or in default of so doing, that the case would be proceeded with in his absence, is an extra-judicial proceeding, and therefore inoperative and void. And such being the case, the writ of *certiorari* was properly issued to have the record of such order certified to this court, to the end that such order may be quashed. *Amer. Const. Co.* v. *Jacksonville Railway Co.,* 148 U. S. 372, 387, 388.

In the case just cited from 148 U. S. 372–387, the Supreme Court, in speaking of the office of the writ of *certiorari* in respect to a decree, the validity of which was brought into question in that case, said: "If the decree of the Circuit Court of Appeals is void, because one of the

16 Ct. App.—25

judges who took part in the decision was forbidden by law to sit at the hearing, a writ of *certiorari* to that court to bring up and quash its decree is manifestly a more decorous, as well as a more appropriate form of proceeding than a writ of *mandamus* to the circuit court to disregard the mandate of the appellate court." And so here, the writ of *certiorari* is the more appropriate means of getting rid of the order, than a resort to prohibition, or some other more tedious method of proceeding for the purpose; especially as no appeal lies to this court, for purpose of review, from the final judgment of the Supreme Court of this District, rendered on an appeal from a judgment of a justice of the peace.

However, it does not follow that, by quashing the order, the appellant loses the benefit of his appeal. The appeal was properly taken and filed in court, and was docketed as directed by the statute. The court, therefore, has acquired complete jurisdiction over the cause, but jurisdiction over the person of the appellee has not been acquired, and that can only be done by issuing and having returned the process designated in sections 774, 775 and 777 of the Revised Statutes, relating to the District of Columbia.

The order of the 25th of January, 1900, directing the appellee to appear to the pending appeal, or that the same would be heard as in case of default, must be quashed, as having been improvidently made, and it is so ordered; and the cause is remanded for further proceedings according to law.

*Order quashed and cause remanded.*