RARITAN COPPER WORKS v. ELLIOTT et al.

(Circuit Court of Appeals, Third Circuit. March 1, 1921.)

No. 2653.

Mandamus ⊂⇒4 (4)—Not issued to vacate order within appellate jurisdiction.

Mandamus will not be issued to compel the District Judge to vacate an order by which he vacated a previous order dismissing without prejudice a suit for the infringement of a patent, since that suit is one over which the Circuit Court of Appeals has appellate jurisdiction under Judicial Code, § 128 (Comp. St. § 1120), and the legality of the order can be reviewed on appeal from final decree therein, so that mandamus is not necessary to protect the appellate jurisdiction, as it would be if the order complained of had the effect of preventing the exercise of such jurisdiction.

Petition for Mandamus to the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

Petition by the Raritan Copper Works for writ of mandamus to compel Hon. John Rellstab, United States District Judge, to set aside his

order, vacating a previous order, which dismissed without prejudice the suit for infringement of a patent by Elmer G. Elliott and another against the petitioner. Petition denied.

Cornelius C. Billings, of New York City (Joseph C. Fraley, of Philadelphia, Pa., of counsel), for petitioner.

Joseph E. Stricker, of Perth Amboy, N. J., and Frederick M. P. Pearse, of Newark, N. J., opposed.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This case concerns a bill in equity which charged infringement of a patent. The cause was so proceeded in that it was placed on the trial calendar of the court below. No steps being there taken to argue the cause, and no application being made or reason shown for its continuance, that court, on October 1, 1918, entered the following order:

"The above-stated cause having been on the equity calendar of this court and not having been moved for trial, it is on this 1st day of October, 1918, ordered that the above-stated cause be dropped from the trial calendar, under rule 57 [198 Fed. xxxiv, 115 C. C. A. xxxiv]."

No subsequent steps having been taken in the cause, the court, on June 14, 1920, entered the following order:

"The above cause having been dropped by order of the court, and neither party having reinstated the cause within one year, as required by rule 57, it is on this 14th day of June, 1920, ordered that the above cause be and the same is hereby dismissed, without prejudice, and without costs to either party as against the other."

These orders were made in conformity with the provisions of Equity Rule 57 quoted in the margin.[1]

On July 6, 1920, which was still within the term in which the order of June 14, 1920, was made, the court granted a rule to show cause why the order dismissing the cause should not be set aside, and on November 22, 1920, after hearing arguments and affidavits, and against objections by defendant, entered orders setting aside its previous order dismissing the cause, and on November 22, 1920, reinstated the cause.

Thereupon the defendant petitioned this court for a writ of mandamus upon the judges of the court below, directing him to vacate the order of November 22, 1920, by which he had vacated the order of dismissal and reinstated the cause. As, for reasons which we discuss

[1] "After a cause shall be placed on the trial calendar it may be passed over to another day of the same term, by consent of counsel or order of the court, but shall not be continued beyond the term save in exceptional cases by order of the court upon good cause shown by affidavit and upon such terms as the court shall in its discretion impose. Continuances beyond the term by consent of the parties shall be allowed on condition only that a stipulation be signed by counsel for all the parties and that all costs incurred theretofore be paid. Thereupon an order shall be entered dropping the case from the trial calendar, subject to reinstatement within one year upon application to the court by either party, in which event it shall be heard at the earliest convenient day. If not so reinstated within the year, the suit shall be dismissed without prejudice to a new one."

later, we dismiss this petition on the ground that this court is without power to issue the writ of mandamus prayed for, we here note that the power of the court below and its exercise of that power in making the order complained of have not been considered by this court and are not involved in this decision, and on these questions we will be free to pass judgment should such questions be raised on appeal to this court in the subsequent disposition of the cause, and the present decision is made without prejudice to the right of the defendant to hereafter and in due course raise the question of the power and jurisdiction of the court below to enter the order here complained of.

Turning, then, to the subject of the appellate jurisdiction of this court, we note that the case below, "arising under the patent laws," the provisions of section 128 of the Judicial Code (Comp. St. § 1120) apply and the cause is therefore one wherein "the Circuit Courts of Appeals shall exercise jurisdiction to review by appeal or writ of error final decisions in the District Courts." It therefore follows that when, and if, this cause is finally brought before this court "to exercise appellate jurisdiction to review by appeal," as provided by that section, the question of the power and jurisdiction of the court below to vacate its order of dismissal and its reinstatement of the case can be reviewed by this court. It will thus be seen that the action of the court below in reinstating the case was not one which deprived this court of appellate jurisdiction, as was the case in McClellan v. Carland, 217 U. S. 280, 30 Sup. Ct. 501, 54 L. Ed. 762; but, on the contrary, so to speak, by reinstating in the court below an appealable case, it thereby again brought the case within this court's appellate jurisdiction. And it is this feature of conferring, as contrasted with impairing, appellate jurisdiction, which makes the present case differ from the McClellan Case. In that case the action of the court below was unauthorized, because it deprived the Circuit Court of Appeals of appellate jurisdiction in a cause over which it had appellate jurisdiction under section 128. It was accordingly held:

"That where a case is within the appellate jurisdiction of the higher court, a writ of mandamus may issue in aid of the appellate jurisdiction which might otherwise be defeated by the unauthorized action of the court below."

But in the present case the order complained of, whether right or wrong, in no way affected the appellate jurisdiction of this court over this cause as one "arising under the patent laws," and which this court has appellate jurisdiction "to review by appeal * * * from final decisions." Such being the case, the appellate jurisdiction of this court over this cause not being affected by the order complained of, this court has neither need nor power to grant a writ of mandamus to preserve its appellate jurisdiction. This conclusion has support in Muir v. Chatfield, 255 Fed. 24, 166 C. C. A. 352.

The petition for writ of prohibition is denied without prejudice to the petitioner's right to hereafter raise before this court, in the exercise of its appellate jurisdiction over this cause, the legality of the orders of the court below now complained of.