**DOOLEY IMPROVEMENTS, Inc., v. MOTOR IMPROVEMENTS, Inc., et al.**

No. 957.

District Court, D. Delaware.

Oct. 24, 1932.

John M. Zane and Harold W. Norman, both of Chicago, Ill., and Hugh M. Morris, of Wilmington, Del., for plaintiff.

Robert H. Richards, of Wilmington, Del., and Wm. Houston Kenyon and Theodore S. Kenyon (of Kenyon & Kenyon), both of New York City, for defendant Motor Improvements, Inc.

John Biggs, Jr., of Wilmington, Del., and Nelson Littell, of New York City, for defendant Sweetland.

NIELDS, District Judge.

This is a suit in equity brought under section 4918, U. S. R. S. (35 USCA § 66), for relief against interfering patents, and for patent infringement. Plaintiff, Dooley Improvements, Inc., is an Illinois corporation. Defendant Motor Improvements, Inc., is a Delaware corporation, was served with process, and has entered a general appearance. Defendant Ernest J. Sweetland, a citizen and resident of California, was not served with process, and has not voluntarily appeared.

The bill avers that plaintiff is the owner of patent No. 1,847,817; that Sweetland, the patentee, is the licensor, and Motor Improvements, Inc., is the exclusive licensee of patents Nos. 1,594,334 and 1,594,335. The bill charges that the patents of defendants interfere with the rights of plaintiff under its patent, and that defendants are making, using, and selling the invention described and claimed under plaintiff's patent, asserting the right to do so under their patents. Plaintiff prays for a decree adjudging that patents No. 1,594,334 and No. 1,594,335 interfere with patent No. 1,847,817 within the meaning of section 4918, and that "said letters patent No. 1,594,334 and No. 1,594,335 are void, inoperative and invalid throughout the whole of the United States." The bill also charges the defendants with infringing plaintiff's patent, and seeks the usual relief therefor.

Sweetland moves to dismiss both causes of action against him, because as a citizen and resident of California the court has not, and cannot, obtain jurisdiction of his person. Motor Improvements, Inc., moves to dismiss the bill in respect of relief against interfering patents on the ground that the court is without jurisdiction of the cause of action. Want of jurisdiction is based upon the requirement of section 4918 that the suit be "against the owners of the interfering patent," and that Sweetland, one of the owners of the interfering patents, is not, and cannot be, brought before the court.

The motions of both defendants to dismiss that portion of the bill based upon section 4918 may be decided together. The pertinent language of that section is: "When-

ever there are interfering patents, any person interested in any one of them, * * * may have relief against the interfering patentee, and all parties interested under him, by suit in equity *against the owners of the interfering patent;* and the court, on notice to adverse parties, and other due proceedings had according to the course of equity, may adjudge and declare either or both of the patents void in whole or in part, upon any ground, or inoperative, or invalid in any particular part of the United States, according to the interest of the parties in the patent or the invention patented." (Italics supplied.)

Is *Motor Improvements, Inc.,* as exclusive licensee of the interfering patents the "owner" thereof within the meaning of section 4918? The answer to this question decides these motions.

The license from Sweetland to Motor Improvements, Inc. (granted between the application for and issuance of the interfering patents), provides: "(1) (a) The Inventor hereby grants to the Licensee the sole and exclusive license * * · * to manufacture, use and vend and to cause to be manufactured and sold, The Inventions, until the expiration of any term or renewal of any letters patent that may hereafter be granted covering said inventions or any of them or any improvements in relation thereto, provided this License is not sooner terminated, as hereinafter provided for."

The plaintiff contends that such a license transfers the whole title to the licensee and divests the licensor of all title. Assuming that such a license is in effect an assignment and vests in Motor Improvements, Inc., a title to so much of the patents as enables it to sue infringers in its own name (Waterman v. Mackenzie, 138 U. S. 252, 255, 11 S. Ct. 334, 34 L. Ed. 923), it does not follow that such an assignee becomes the owner of the patents within the meaning of section 4918. The extent of a licensee's interest in a patent is well defined in Western Electric Co. v. Pacent Reproducer Corporation (C. C. A.) 42 F.(2d) 116, 119: "If the licensee is granted not only leave to make, use, and vend the invention, but also the right to exclude from the licensed field every one else, including the patent owner himself, the grant may amount to an assignment of an interest in the patent, entitling the licensee (assignee) to sue an infringer in his own name. * * * " Title that will enable a licensee to sue in his

own name to protect a patent against infringement is not the question here. This proceeding under section 4918 is to destroy patents, not to protect them. In such a proceeding all the owners of the patents must be brought before the court as in any condemnation or cancellation proceeding.

Who are the owners of the Sweetland patents? In the license between the defendants, Sweetland retained legal title to the patents and continued owner thereof. This is recognized throughout the license. Under it the licensee "is authorized to bring suit upon said patents in the name of the Inventor." This is an express recognition that legal title remained in the inventor. In case of default, Sweetland may, at his option, cause the license "to forthwith terminate by giving notice to that effect to the Licensee." The license makes no provision for reassignment, and thereby recognizes that the legal title remained in Sweetland. In case improvements are made by the inventor during the term of the license "the title to or ownership of any application or patents upon such improvements shall be lodged in the Inventor." It is incredible that the license should provide that legal title to the patents licensed should vest in the licensee and that title to improvements of such patents should vest in the licensor. I conclude that both defendants are owners of the Sweetland patents.

Section 4918 requires suit to be brought "against the owners of the interfering patent." Under such a provision all owners are indispensable parties. Sweetland, one of the two owners and an indispensable party, is not before the court. The broad equitable principle that a court of equity cannot make a final decree in the absence of an indispensable party applies to this case. Since Sweetland is an owner of the interfering patents, and is not before the court, it is unnecessary to consider service by notice or the suggestion that this proceeding is quasi in rem.

The motions of the defendants to dismiss the bill, in so far as it is founded on section 4918, must be granted.

There is no allegation in the bill that Sweetland is an inhabitant of this district, or has a regular and established place of business in the district and has committed acts of infringement therein. Therefore the motion of Sweetland to dismiss the bill in so far as it charges him with infringement should also be granted.