## DOOLEY IMPROVEMENTS, Inc., v. MOTOR IMPROVEMENTS, Inc., et al.

### No. 5070.

Circuit Court of Appeals, Third Circuit.

July 6, 1933.

Hugh M. Morris, of Wilmington, Del. (John M. Zane and Harold W. Norman, both of Chicago, Ill., of counsel), for appellant.

Richards, Layton & Finger, of Wilmington, Del. (Wm. Houston Kenyon, Carl M. Owen, and Wm. Houston Kenyon, Jr., all of New York City, of counsel), for appellee Motor Improvements, Inc.

John Biggs, Jr., of Wilmington, Del. (Nelson Littell, of New York City, of counsel), for appellee Sweetland.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a decree of the District Court for the District of Delaware. The appellant filed a bill in equity praying for relief from the appellees' interfering patents, under section 4918 of the Revised Statutes (35 USCA § 66), and praying in addition that the court enjoin the appellees from infringing the appellant's patent. The facts set forth in the pleadings are as follows:

In December, 1918, one Cole filed an application for a patent. In July, 1920, Sweetland, one of the appellees, filed an application for a patent. In April, 1923, Sweetland granted a sole and exclusive license to one Abeles to manufacture, use, and vend the inventions disclosed and claimed in his application. In May, 1923, Abeles assigned this license to Motor Improvements, Inc., the other appellee. One patent was granted Sweetland in July, 1926, and another on a continuing application in July, 1927. An interference was declared in favor of Cole by the Commissioner of Patents and thereafter in December, 1931, the Court of Customs and Patent Appeals adjudged that, as between Cole and Sweetland, Cole was the first inventor. In March, 1932, a patent was issued to Dooley Improvements, Inc., upon Cole's application.

The appellant filed a bill in equity in the District Court naming Motor Improvements, Inc., and Sweetland as defendants. Sweetland appeared specially. He moved to dismiss the bill upon the ground that the court had no jurisdiction of his person inasmuch as the bill showed that he was a citizen and resident of California and contained no allegation that he was an inhabitant of the district of Delaware or that he had a regular and established place of business in the said district and had committed acts of infringement in the said district. Motor Improvements, Inc., also moved to dismiss the bill. It alleged that the court had no jurisdiction inasmuch as the bill showed that Sweetland and Motor Improvements, Inc., were the owners of the Sweetland patents and that Sweetland was a citizen and resident of California and not within the jurisdiction of the court.

Section 4918 of the Revised Statutes (35 USCA § 66) provides: "Whenever there are interfering patents, any person interested in any one of them, or in the working of the invention claimed under either of them, may have relief against the interfering patentee, and all parties interested under him, by suit in equity against the owners of the interfering patent; and the court, on notice to adverse parties, and other due proceedings had according to the course of equity, may adjudge and declare either of the patents void in whole or in part, or inoperative, or invalid in any particular part of the United States, according to the interest of the parties in the patent or the invention patented. But no such judgment or adjudication shall affect the right of any person except the parties to the suit and those deriving title under them subsequent to the rendition of such judgment."

The district judge construed this section as meaning that all of the owners of the alleged interfering patents, must be brought before the court as in any condemnation or cancellation proceeding. He held that Sweetland was still an owner of the Sweetland patents and was not before the court. He therefore dismissed the bill for want of a necessary party. A decree was entered dismissing the bill in its entirety as to Sweetland but as to Motor Improvements, Inc., only in so far as it set out a cause of action under section 4918.

The learned judge of the court below has fully and carefully set out in his opinion (1 F. Supp. 641) the grounds upon which his decree was based. We are in entire accord with his reasoning and conclusions.

The decree is affirmed.