## SHELL OIL CO. v. DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF CALIFORNIA, SOUTHERN DIVISION, et al.

### No. 7412.

Circuit Court of Appeals, Ninth Circuit.

March 26, 1934.

F. F. Thomas, Jr., Wm. E. Wright, and McCutchen, Olney, Mannon & Greene, all of San Francisco, Cal., and Ford Q. Elvidge and Hyland, Elvidge & Alvord, all of Seattle, Wash., for petitioner Shell Oil Co.

Judson F. Falknor and DeWolfe Emory, both of Seattle, Wash., for respondents.

Herbert W. Clark, of San Francisco, Cal., amicus curiæ.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

The petitioner, first having obtained leave of court so to do, filed a petition for an alternative writ of mandate or prohibition. The order to show cause was issued, and the respondents filed a return objecting, among other things, to the jurisdiction of this court to issue a writ of mandamus or prohibition in the matter. The respondents, upon the application of the complainant in the case of West Coast Petroleum Corporation v. Shell Oil Company, and others, now pending in the District Court of the United States for the Western District of Washington, issued a subpœna duces tecum to E. L. Miller, an officer of the Shell Oil Company residing in this district, directing the witness to appear before Mrs. M. V. Collins, a notary public in the city and county of San Francisco, state of California, with certain corporate records, and to give his testimony for use at the trial of the case in the above-mentioned court.

The application for the subpœna duces tecum and the order for its issuance were made without notice, but after its issuance the petitioners moved the court upon due notice to vacate the order and to quash the

subpœna duces tecum. This motion was duly presented and heard and the court denied the same modifying the subpœna duces tecum, however, by directing the witness to furnish a tabulation in lieu of certain documents specified in the original subpœna. The contentions made there, which are renewed here, were as follows:

First, that the affidavit in support of the application was insufficient, in that it merely averred that the petitioner and affiant "believed" that the documents described in the applications for the subpœna duces tecum contained evidence material to the trial.

Second, that there is no sufficient description of the documents desired, and that the demand for their production is a mere fishing expedition.

Third, that the effect of the order made would be to substitute the subpœna duces tecum for a bill of discovery.

The pending action in which it is sought to take the deposition is an action at law for damages alleged to have resulted to the plaintiff by reason of an unlawful conspiracy in violation of the Sherman Anti-Trust Act (15 USCA §§ 1-7, 15).

It is contended by the respondents that this court has no power, that is, no jurisdiction, to issue either the writ of mandamus or writ of prohibition to the respondents; that the power of this court to issue such writs granted by 28 USCA § 377, is in aid of the appellate jurisdiction of this court only. The question stands at the threshold of this matter, and is not altogether free from difficulty. In Hammond Lumber Co. v. United States District Court for District of Oregon, 240 F. 924, 926, Judge Gilbert, speaking for this court, said:

"But we are of the opinion that, if the petition for the writ alleged facts sufficient to show that the petitioner had no other remedy, this court would have no jurisdiction to issue the writ. The question whether and under what circumstances a Circuit Court of Appeals has jurisdiction to issue writs such as mandamus and prohibition in aid of its appellate jurisdiction, in cases where it has not actually obtained jurisdiction by appeal or writ of error, was finally determined in McClellan v. Carland, 217 U. S. 268, 30 S. Ct. 501, 54 L. Ed. 762, in which the court said:

" 'There are not wanting decisions in the federal courts, holding different views as to the right to issue such writs as are involved in this case, before the appellate court has actually obtained jurisdiction of the case.

There are expressions in opinions of this court to the effect that such writs issue in aid of a jurisdiction actually acquired. But we think it the true rule that, where a case is within the appellate jurisdiction of the higher court, a writ of mandamus may issue in aid of the appellate jurisdiction which might otherwise be defeated by the unauthorized action of the court below.' * * *

"It is the doctrine of the foregoing cases that the Circuit Courts of Appeals have no power to issue the writ by virtue of the fact alone that they have appellate jurisdiction to review judgments and decrees of the District Courts, but that the exercise of that jurisdiction rests upon the fact that the issuance thereof is auxiliary to and is necessary for the protection of the appellate jurisdiction of the court which issues the same." See, also, McClellan v. Carland, 217 U. S. 268, 30 S. Ct. 501, 54 L. Ed. 762; Ex parte Harding, 219 U. S. 363, 31 S. Ct. 324, 55 L. Ed. 252, 37 L. R. A. (N. S.) 392; and Ex parte United States, 287 U. S. 241, 53 S. Ct. 129, 77 L. Ed. 283.

The Circuit Court of Appeals of the Tenth Circuit in Keaton v. Kennamer, 42 F.(2d) 814, 815, had under consideration a question almost identical with that now before us. Speaking of an order of the District Court for the examination of the books of the defendant and the application to the Circuit Court of Appeals for writ of prohibition to prevent the execution of the order, the court said: "The substance of this statement does not appear in the order, but accepting it as true it can hardly be said that the order was an improper one. Moreover, were it found to have been improvidently entered it is not within our power to review and correct it in this proceeding. Section 377, title 28, U. S. Code (28 USCA § 377), provides in part: 'The Supreme Court, the circuit courts of appeals, and the district courts shall have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law.' The limitation, it is observed, is to writs 'necessary for the exercise of their respective jurisdictions.' We have now no jurisdiction of the cause pending in the District Court, nor will our jurisdiction over that cause, that may be acquired in the future, be defeated by the enforcement of the order of inspection. McClellan v. Carland, 217 U. S. 268, 30 S. Ct. 501, 54 L. Ed. 762; Barber Asphalt Paving Co. v. Morris (C. C. A.) 132 F. 945, 67 L. R. A. 761; Hammond Lumber Co. v. U. S.

District Court (C. C. A.) 240 F. 924; In re Dennett (C. C. A.) 215 F. 673."

The authority of the Supreme Court to issue writs of prohibition and mandamus is somewhat broader than that of the Circuit Courts of Appeals being found in section 688 of the Revised Statutes now Jud. Code § 234 (28 USCA § 342), as well as section 716 now Jud. Code § 262 (28 USCA § 377), which applies to both courts. Dealing with the power of the Supreme Court to issue a writ of mandamus to a lower court, the Supreme Court in the recent case of Maryland v. Soper (No. 1), 270 U. S. 9, 46 S. Ct. 185, 189, 70 L. Ed. 449, speaking through Chief Justice Taft, said: "Mandamus is an extraordinary remedy which is issued by this court under Rev. Stats. § 688 now Judicial Code, § 234 [28 USCA § 342], to courts of the United States in the exercise of its appellate jurisdiction, and in civil cases does not lie to compel a reversal of a decision, either interlocutory or final, made in the exercise of a lawful jurisdiction, especially where in regular course the decision may be reviewed upon a writ of error or appeal."

Jurisdiction to issue the subpœna duces tecum is conferred by 28 USCA § 647, upon the respondents. The question whether or not the affidavit was sufficient to invoke that jurisdiction and whether or not the order for the subpœna was erroneous are matters which cannot be reviewed by us in a mandamus or prohibition proceeding.

Petition denied, and proceeding dismissed.