## DOOLEY IMPROVEMENTS, Inc., v. NIELDS, District Judge, et al.

### No. 5499.

Circuit Court of Appeals, Third Circuit.

Aug. 15, 1934.

Hugh M. Morris, of Wilmington, Del. (John M. Zane and Harold W. Norman, both of Chicago, Ill., of counsel), for petitioner.

Robert H. Richards, of Wilmington, Del., and Theodore S. Kenyon, of New York City (Jackson S. Hutto, of New York City, of counsel), for respondents.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

On March 7, 1932, the petitioner, an Illinois corporation, filed a bill in the District Court for the District of Delaware against Motor Improvements, Inc., a Delaware corporation, and Ernest J. Sweetland, a citizen and resident of California. The bill alleged a cause of action for interfering patents under Rev. St. § 4918 (35 USCA § 66), and prayed for injunction against, and damages for, the infringement of a patent. Sweetland entered a special appearance and moved to dismiss. On November 21, 1932, the District Court dismissed the bill as to Sweetland for lack of jurisdiction on the ground that he was not within the District, and, as to Motor Improvements, Inc., dismissed that portion of the bill relating to interfering patents for lack of jurisdiction because of absence

of a necessary party under Rev. St. § 4918. Dooley Improvements, Inc., v. Motor Improvements, 1 F. Supp. 641. Upon appeal from the decree sustaining the motion to dismiss, this court affirmed the decree of dismissal. 66 F.(2d) 553, certiorari denied 290 U. S. 689, 54 S. Ct. 127, 78 L. Ed. 594. This suit therefore remains at issue upon a cause of patent infringement against Motor Improvements, Inc., alone. On November 27, 1933, the petitioner moved in the court below to dismiss the cause of action for patent infringement. On January 6, 1934, Motor Improvements, Inc., filed an answer and counterclaim in the court below. On March 13, 1934, the court below denied the motion to dismiss without prejudice. 6 F. Supp. 161. On March 29, 1934, it ordered all allegations referring to interfering patents stricken from the bill, and on April 9, 1934, granted leave to Motor Improvements, Inc., to amend the answer and counterclaim. The petitioner entered formal objections to both of these orders.

On January 18, 1933, the petitioner brought suit in the Supreme Court of the District of Columbia against Motor Improvements, Inc., Sweetland, and Central Hanover Bank & Trust Company under 44 Stat. 1394 (35 USCA § 72a). The three defendants in that suit filed a counterclaim upon substantially the same grounds as those set out in the counterclaim in the District Court of Delaware by Motor Improvements, Inc. On March 19, 1934, the petitioner filed a motion to strike the counterclaim in the District of Columbia suit, and a hearing on this motion was set for April 17, 1934. On April 14, 1934, the petitioner filed in this court the petition praying that the United States District Judge for the District of Delaware and the United States District Court for the District of Delaware be commanded by writ of mandamus to enter an order dismissing the petitioner's bill in the District of Delaware. On May 9, 1934, a motion to dismiss the petition for writ of mandamus was filed.

■■ The petitioner therefore has two suits pending, one in the District of Columbia wherein it raises the issues against Motor Improvements, Inc., Sweetland, and Central Hanover Bank & Trust Company which it originally pleaded in the initial bill filed in the District Court of Delaware; and the other a suit in the District of Delaware against Motor Improvements, Inc., alone, restricted to the infringement issue. It is now discontented with the status of the Delaware suit and wishes to discontinue. We note, however, that, if the writ of mandamus is issued by this court, Motor Improvements, Inc., will be deprived of its right to set up whatever defense it may have to the issues which may be raised or pending in the Delaware court. The occasion and the time for this court to dispose of any questions raised by the issues remaining in the Delaware court will be if and when a determination by decree has been made by the Delaware District Court of the issues there pending. As no issues have been brought before this court by appeal, it is apparent that there is nothing before us to invoke our appellate jurisdiction. The power to issue writs of mandamus is granted this court exclusively by section 262 of the Judicial Code (28 USCA § 377), which is as follows: "The Supreme Court and the district courts shall have power to issue writs of scire facias. The Supreme Court, the circuit courts of appeals, and the district courts shall have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law."

It is only where mandamus is necessary for the exercise of our appellate jurisdiction that a writ of mandamus may issue. The instant case is not before us upon any issues requiring the exercise of our appellate jurisdiction. If the instant case were here on appeal and this court, upon determination of issues raised on appeal, were to issue an order or mandate to the District Court with direction to carry into effect a decision of this court, mandamus would lie if and when the District Court should fail or refuse to obey such order or mandate. It is clear from the weight of authorities that mandamus will not lie to forestall decisions of the lower court. As was stated by the Circuit Court of Appeals for the Second Circuit in Re Gilbough, 13 F.(2d) 462, 463: "Our jurisdiction in respect of mandamus is not, even mutatis mutandis, of the same nature as that exercised by the Supreme Court. All our power to issue mandamus and prohibition must be derived from Judicial Code, § 262 (Comp. St. § 1239 [28 USCA § 377]); whereas the Supreme Court has, not only that grant of power, but the specific authority contained in Judicial Code, § 234 (Comp. St. § 1211 [28 USCA § 342]). We have no power to use mandamus and prohibition as respectively the spur and the curb wherewith to drive and guide inferior courts in a manner well indicated by the opinion in Maryland v. Soper

[270 U. S. 9], 46 S. Ct. 185, 70 L. Ed. 449 (February 1, 1926). We have no power in respect of this writ, except what may be necessary for the 'exercise of (our) jurisdiction.'"

See our decision in Raritan Copper Works v. Elliott (C. C. A.) 271 F. 284, and, for full discussion of the subject, Maryland v. Soper, 270 U. S. 9, 46 S. Ct. 185, 70 L. Ed. 449; American Construction Co. v. Jacksonville, Tampa & Key West Railway Co., 148 U. S. 372, 13 S. Ct. 758, 37 L. Ed. 486; Shell Oil Co. v. District Court (C. C. A.) 70 F.(2d) 394.

Cases in which the writ of mandamus was issued by the Supreme Court, although that court's appellate jurisdiction was not involved, are distinguishable, since the Supreme Court, unlike Circuit Courts which are restricted to the powers granted by section 262 of the Judicial Code (28 USCA § 377), may issue writs of mandamus under the authority of section 234 (28 USCA § 342) as well as section 262 of the Judicial Code. Los Angeles Brush Mfg. Corp. v. James, 272 U. S. 701, 47 S. Ct. 286, 71 L. Ed. 481. In re Skinner & Eddy Corp., 265 U. S. 86, 44 S. Ct. 446, 68 L. Ed. 912, relied upon by the petitioner, is inapplicable to a case like the one before us where we find nothing invoked in aid of our appellate jurisdiction.

The writ of mandamus is denied, and the petition dismissed.