## SMITH et al. v. BUCKEYE INCUBATOR CO.

### No. 50.

District Court, S. D. Ohio, W. D.

April 27, 1940.

Marechal & Noe, of Dayton, Ohio, and Richey & Watts, of Cleveland, Ohio, for plaintiffs.

Toulmin & Toulmin, of Dayton, Ohio, for defendant.

NEVIN, District Judge.

On November 1, 1939, Samuel H. Smith, plaintiff, filed a complaint against The Buckeye Incubator Company, defendant.

On November 20, 1939, defendant, The Buckeye Incubator Company, filed a "Motion for Bill of Particulars and more definite statement". That motion was directed to the original complaint filed, as just stated, on November 1, 1939. While this motion was still pending, undisposed of, on December 13, 1939, an amended complaint was filed against The Buckeye Incubator Company as defendant by Samuel H. Smith and The Smith Incubator Corporation as plaintiffs.

On December 21, 1939, defendant, The Buckeye Incubator Company, filed a motion wherein it "moves that the amended complaint be dismissed, or, in the alternative, that the same be dismissed as to one of the plaintiffs herein." The cause is now before the court on this motion.

Defendant contends that in the original complaint it was alleged that Samuel H. Smith (the only plaintiff named) owned the patent in suit, whereas in the amended complaint it is stated that Samuel H. Smith is the owner of the patent in suit and also that The Smith Incubator Corporation is the owner thereof. Defendant bases its claim as to the latter upon the allegations of paragraph 4–a of the amended complaint wherein it is recited that Samuel H. Smith "entered into an agreement whereby Samuel H. Smith granted to The Smith Incubator Corporation an exclusive license, when and if patent should be granted, to make, use, and/or vend the egg turning devices of his then pending United States patent application Serial No. 91,698, which application issued on August 22, 1939. as United States Letters Patent No. 2,170,789. Plaintiff, The Smith Incubator Corporation, has been since August 22, 1939, and still is, the exclusive licensee under said Letters Patent No. 2,170,789."

Defendant submits (Br. Jan. 8, 1940–p.2) that "As an exclusive license to make, use and vend is an assignment of these rights, no title is left in Samuel H. Smith. It follows that the complaint should be dismissed as to him because he has no interest in the patent. Even if he had reserved a license under the patent he would not be a proper party."

Rule 21 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that misjoinder of parties is not ground for dismissal of an action. Recognizing this rule in a brief filed on March 27, 1940, defendant urges that the plaintiff Smith is "an unnecessary party", and defendant urges "the dismissal of the suit as to the party Smith".

Upon a consideration of the allegations of the amended complaint and the ap-

plicable law, the court is of opinion that the plaintiffs are properly joined as such in the instant case. Independent Wireless Co. v. Radio Corp., 269 U.S. 459, 469, 46 S.Ct. 166, 70 L.Ed. 357; Marquette Tool & Mfg. Co. v. Hooven, Owens, Rentschler Co., 1 F.Supp. 632 (Decision by this Court); Dooley Improvements v. Motor Improvements, D.C., 1 F.Supp. 641, 642, affirmed 3 Cir., 66 F.2d 553.

In view of all of the foregoing, the court finds that the motion of defendant to dismiss the amended bill of complaint, or, in the alternative, that it be dismissed as to one of the plaintiffs herein, is not well taken and that it should be, and it is, overruled.

Counsel may prepare and submit an order in keeping with the ruling of the court.